S. FRANKLIN & CO. v. ILLINOIS MOULDING CO. et al.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1905.)

No. 1,100.

1. PATENTS—REISSUE.

The presumption that new matter found in the specification of a reissue patent was omitted from the original through inadvertence or mistake, arising from the fact of the granting of the reissue, is prima facie only, and merely places the burden of proof upon a defendant contesting the validity of the reissue.

2. SAME—VALIDITY OF REISSUE—MACHINE FOR ORNAMENTING PICTURE FRAMES.

The Adams second reissue patent, No. 11,980 (original No. 642,059), for a machine for mounting ornamental composition directly upon circular picture frames, claims 11 to 18, are void as covering a construction not included in the original patent.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

For opinion below, see 128 Fed. 48.

The bill is to restrain reissued letters patent, No. 11,980, issued April 8th, 1902, to Frank E. Adams, assignor to Samuel Franklin, for a machine for mounting ornamental composition directly upon circular picture frames. The original letters patent, on which the reissue was based, were No. 642,059 issued January 30th, 1900, to Francis E. Adams.

Other patents cited were the following:

No. 242,934, June 14, 1881, J. P. Jamison.
No. 292,552, Jan. 29, 1884, P. E. Francke.
No. 430,576, June 17, 1890, J. Groble.
No. 445,215, Jan. 27, 1891, W. Zoeller.
No. 590,200, Sept. 14, 1897, F. A. Brausil.
No. 591,520, Oct. 12, 1897, W. Zoeller.
British Patent No. 7,163, Apr. 25, 1891, H. Huppertz.

The bill was dismissed by the Circuit Court for want of equity, and from this decree the appeal is prosecuted. The further facts are stated in the opinion.

William B. Rummler, for appellants.

Charles G. Page, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. Prior to Adams' machine, as described in his original letters patent, ornamental work made out of paste pliable to impression, was applied by machinery to picture frames. None of these frames thus ornamented, however, were oval or circular. They were straight frames, and the ornamentation was put on by running the frames between bearings over a feed roller, and under an impression roller—the paste being put on the frame just in front of the rollers.

In his original letters patent, Adams sought to apply this kind of machine made ornamentation to oval, or circular frames. To do this he employed a feed roller, and impression roller, as formerly. But axially with these rollers he put in two bearings, one on the inner, and the other on the outer side of the frame, so that as he conceived the machine would operate, the frames would be guided by these two bearings over the table, and through the rollers at practically right angles to the rollers.

The original application having been rejected in the patent office on citation of the Groble and Huppertz patents, Adams inserted in the description of his invention, as an explanation, the following:

"A guide or stop only at one side edge, either at the inside, or at the outside of an irregular, or an even ordinary long oval picture frame, would not be sufficient to serve as a guide even in the hands of a skillful workman."

But in one of the claims of the application, as thus amended, he included as one of the elements of the combination "a stop adjacent to the wheel, and in line with the axis of the shaft." Thereupon the examiner pointed out that according to the language in the description already quoted, the element of the single stop claimed would be inoperative; and thereupon the claim was stricken out, the explanation in the description remaining; and nowhere, either in the claims, or the description of the patent as it was originally granted, does the suggestion of a single guide or bearing again show itself.

Now when we come to the reissue, we find that the clause already quoted from the original patent was repeated; but repeated with an addition that, as this case shows, entirely changed its meaning. The quotation, with the addition, is here repeated, the addition being in brackets:

"A guide or stop only at one edge, either at the inside, or the outside of an irregular frame, or even an ordinary long oval picture frame [in which the composition is mounted on a slanting surface] would not be sufficient to serve as a proper guide even in the hands of a skillful workman."

The effect of the reissue, it will thus be noted, was to eliminate the original clause wholly from the description of the invention, except as it applied to the mounting of the ornamental composition on frames having a slanting surface.

The motive for this modification of the original letters patent, by reissue, is made perfectly plain by the facts disclosed in the record before us. Following Adams' original letters patent, but before his reissue, the appellees discovered the desirability of picture frames, the outer edge, as well as the sides, of which should be ornamented; and to attain this end employed a machine that used but one guide on the inner edge; finding, that except in the mounting of ornamental composition on slanting frames, such a machine would work as well as if two guides were employed. Plainly, to our minds, appellants reissue was intended to antedate this machine of the appellees; and that could be done of course, only by a reissue that would carry the modification back to the date of the original letters patent.

But it is said in argument that whatever the evidence in that respect might disclose, the legal conclusion is closed in favor of appellants, because, as argued, it must be presumed that before the reissue was issued, there was before the patent office satisfactory evidence that, but for inadvertence or mistake, the original letters would have taken the form that the reissue now employs.

That some such presumption properly attaches itself to the reissued patent we may admit. At most, however, it is a prima facie

presumption only. It is not a presumption that debars the appellees from challenging the validity of the reissue by showing facts that would overcome the presumption. The reissue is before us just as it was before the patent office before it was allowed, except that while the burden of proof then was upon the appellants, the burden is now upon the appellees. But, as already indicated, appellees have, in our judgment, fairly met the burden, and made good their case against the reissue.

The decree of the Circuit Court is affirmed.